UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

BLASTERS, DRILLRUNNERS AND MINERS
UNION LOCAL 29,

               Petitioner,         <u>ORDER</u>

                                         CV 2010-4777 (KAM)(MDG)

    - against -

TROCOM CONSTRUCTION CORP.,

               Respondent.

- - - - - - - - - - - - - - - - - - X

Respondent Blasters, Drillrunners and Miners Union Local 29 ("Blasters") brings this action to confirm an arbitration award against respondent Trocom Construction Corp. ("Trocom"). After Trocom failed to appear at the arbitration proceeding, Trocom also failed to answer in a timely fashion to the petition herein. After the Clerk of Court entered default against Trocom and Blasters moved for default judgment on March 3, 2011, Scott Green filed a notice of appearance on behalf of Trocom and sought leave to vacate default. <u>See</u> ct. doc. 7. Because petitioner would not consent to vacatur of default, I set a briefing schedule for Trocom's contemplated motion on grounds that it was not bound by any collective bargaining agreement (CBA) with petitioner and it did not receive notice of the arbitration hearing. <u>See</u> minute entry dated 3/18/11.

By letter motion filed on March 25, 2011, Trocom moves to

compel Blasters to produce proof of mailing of the Notice of Intent to Arbitrate and a copy of the signed collective bargaining agreement. The motion is granted as follows.

Although defaulting parties may ordinarily have no right to conduct discovery, I find that it is in the interests of justice and efficiency to compel production of the documents sought. See Fed. R. Civ. P. 1, 26(d). Courts in this Circuit have ruled upon motions filed by defaulting parties in conjunction with considering motions to vacate. See Success Village Apartments, Inc. v. Amalgamated Local 376, 234 F.R.D. 36, 38 (D. Conn. 2006) (citing cases). Similarly, courts have exercised their discretion to order that discovery be had before the parties have conferred as required under Rule 26(f). See Texas Guaranteed Student Loan Corp. v. Dhindsa, 2010 WL 2353520, at *2 (E.D. Cal. 2010); OMG Fidelity, Inc. v. Sirius Tech., Inc., 239 F.R.D. 300, 302-03 (N.D.N.Y. 2006).

In its response to Trocom's motion, Blasters attached a copy of the signature page of the applicable CBA. It would not be burdensome for Blasters to produce the entire agreement and any proof of mailing or faxing of notices with respect to the arbitration. These are documents that Blasters would likely submit in opposing any motion to vacate default and their earlier production may dissuade Trocom from making unnecessary arguments in moving to vacate default. Their production may also spur the parties to engage in meaningful settlement discussions. Petitioner is directed to produce the documents by April 4, 2011.

Trocom also seeks an extension of time to file its motion to vacate. The Court is not persuaded that the recent production of the signature page of the CBA should have so affected defendant's position since the existence of a CBA is a matter that should have been within its knowledge. However, the Court grants a short extension to enable respondent to consider the documents to be produced. Thus, the motion to vacate must be filed by April 6, 2011, petitioner's response by April 20, 2011 and any reply by April 26, 2011.

**SO ORDERED.**

Dated: Brooklyn, New York
March 31, 2011

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE