```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

BLASTERS, DRILLRUNNERS AND MINERS
UNION LOCAL 29,
                                          ORDER ADOPTING REPORT
              Petitioner,                 AND RECOMMENDATION

     -against-                            10-CV-4777 (KAM)(MDG)

TROCOM CONSTRUCTION CORP.,

              Respondent.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On October 19, 2010, petitioner Blasters, Drillrunners and Miners Union Local 29 ("Local 29") commenced this action to enforce an arbitration award against respondent Trocom Construction Corp. ("Trocom"). After Trocom defaulted and the Clerk of the Court entered default on February 24, 2011, Local 29 moved for a default judgment against Trocom on March 3, 2011, which this court referred to Magistrate Judge Marilyn D. Go on March 4, 2011. Subsequently, Trocom appeared in the action and filed a motion on April 7, 2011 to vacate the entry of default, which Local 29 opposed.

        Currently before the court is the Report and Recommendation issued by Magistrate Judge Go on August 15, 2011, recommending that the court grant Trocom's motion to vacate the notation of default and deny Local 29's motion for entry of default judgment. (ECF No. 24, Report and Recommendation.) Local 29 timely objected to the Report and Recommendation. (*See*

ECF No. 25, Petitioner's Objections to Magistrate Judge's Report and Recommendation ("Pet. Obj.").) In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In light of Local 29's timely objections, the court has undertaken a *de novo* review of the full record including the applicable law, the underlying record, the parties' submissions on the instant motions and accompanying affidavits, the Report and Recommendation, and Local 29's objections to the Report and Recommendation, to which Trocom did not respond. *See id*. For the reasons set forth below, the court adopts Magistrate Judge Go's thorough and well-reasoned Report and Recommendation in its entirety.

## **STATEMENT OF FACTS**

The facts and procedural history regarding the instant motions are set forth in detail in the Report and Recommendation. The court reviews *de novo* the facts in the record relevant to the parties' submissions.

On December 2, 2004, Local 29 and Trocom entered into a one-page short-form agreement (the "2004 Short-Form Agreement") that bound Trocom to the collective bargaining agreement ("CBA") between the General Contractors Association of New York (the "GCANY") and Local 29 in effect from July 1, 2002 to June 30,

2006 (the "2002 CBA") and "as amended and extended from time to time."  (Pet. Obj. at 2-3; ECF No. 17, Affidavit of Salvatore Trovato ("Trovato Aff.") ¶ 6; ECF No. 17-2, the 2004 Short-Form Agreement.)  Trocom asserts that it has not been a party to any other CBA with Local 29 and was not a member of the GCANY at any relevant time.  (Trovato Aff. ¶¶ 7-8.)

The 2002 CBA also contained an "evergreen clause":

> This Agreement shall continue in effect until and including June 30, 2006, and during each year thereafter unless on or before the fifteenth (15th) day of March 2006, or on or before the fifteenth (15th) day of March of any year thereafter, written notice of termination or proposed changes shall have been served by either party on the other party.
>
> In the event that written notice shall have been served[,] an agreement supplemental hereto, embodying such changes agreed upon, shall be drawn up and signed by June 30th of the year in which the notice shall have been served.

(ECF No. 17-3, 2002 CBA, Art. IV.)  According to Local 29, "a successor agreement was negotiated between Local 29 and the [GCANY]" in 2006, which was in effect from July 1, 2006 to June 30, 2011 (the "2006 CBA").  (Pet. Obj. at 3; see ECF No. 17-4, 2006 CBA.)  There is no evidence in the record that Trocom was served with written notice of any proposed changes to the 2002 CBA, participated in the negotiation of the 2006 CBA, signed the 2006 CBA, or received any notice of the existence of the 2006 CBA until after the arbitration award was issued.

3

In connection with a dispute arising in 2009 from Trocom's alleged failure to use members of Local 29 to perform drilling work at certain job sites, an arbitration hearing was held on April 28, 2010, at which Trocom did not appear. (ECF No. 21-4, Arbitration Opinion and Award dated June 10, 2010 ("Arbitration Opinion") at 1-3.) The arbitrator found that Trocom was bound by and had violated the 2006 CBA and entered an award in favor of Local 29 in the amount of approximately $128,000 plus attorneys' fees and costs. (*Id.* at 1, 6.) Finally, on October 19, 2010, Local 29 commenced this action to enforce the arbitration award against Trocom.

## DISCUSSION

Local 29 poses two primary objections to the Report and Recommendation, each of which the court will address in turn.

**I.       Objection One:  Trocom Has Not Established that It Has a Potentially Meritorious Defense**

Local 29 objects to the determination in the Report and Recommendation that Trocom has proffered a potentially meritorious defense. (Pet. Obj. at 7-12.) In support of its objection, Local 29 contends that the Report and Recommendation erroneously relies on *Tile Setters & Tile Finishers Union, Local Union No. 7 v. Speedwell Design/BFK Enter., LLC*, No. 06-cv-5211 (KAM), 2009 U.S. Dist. LEXIS 27270 (E.D.N.Y. Mar. 31, 2009) ("*Speedwell*"), because it is distinguishable from the present case. (Pet. Obj. at 8, 10-12.) Additionally, Local 29 asserts

that, because the 2002 CBA contained a "sweeping" arbitration clause and an "evergreen clause," the arbitrator, rather than the court, should determine whether the parties continued to be bound by the 2002 CBA after June 30, 2006. (*Id.* at 9-10.) Finally, Local 29 argues that because this is an action to enforce an arbitration award, the determination by the arbitrator is entitled to judicial deference. (*Id.* at 8.)

As an initial matter, the contentions in Local 29's objections were presented to Magistrate Judge Go nearly word-for-word in Local 29's submission on Trocom's underlying motion to vacate the default. Where, as here, objections to a Report and Recommendation merely rehash arguments presented to the Magistrate Judge, the standard of review undertaken by the District Court is not *de novo* but clear error. *See Michaud v. Nippon Cargo Airlines, Co.*, No. 09-CV-3375(RRM), 2011 U.S. Dist. LEXIS 128705, at *3 (E.D.N.Y. Nov. 7, 2011) ("When a party simply reiterates the original arguments made to the magistrate judge, the Court will review the report strictly for clear error." (citation omitted)); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citations omitted) (internal quotation

marks omitted)). The court has nevertheless conducted a *de novo* review of the Report and Recommendation and finds that it adequately addresses Local 29's objections, which are without merit.

On *de novo* review, this court agrees with Magistrate Judge Go's analysis. Magistrate Judge Go properly and thoroughly considered a number of factors relevant to determining whether to vacate the entry of default. (*See* Report and Recommendation at 3-4.) One of the factors, whether the defaulting party has proferred a potentially meritorious defense, is relevant to Local 29's objection based on *Speedwell*. (Pet. Obj. at 8, 10-12.) In *Speedwell*, this court, relying on the Second Circuit's decision in *Dow Elec., Inc. v. IBEW Local Union No. 910*, 283 F. App'x 841 (2d Cir. 2008) (summary order), held in the context of a summary judgment motion that an employer who was a party to a CBA signed in 2001 was not bound by a successor CBA signed in 2003 where the employer (1) had no notice of the negotiation of the successor CBA, (2) did not participate in negotiating the successor CBA, (3) did not sign the successor CBA, (4) was not a member of the employer associations that received notice, negotiated, and signed the successor CBA, and (5) never received a copy of the successor CBA prior to the commencement of the lawsuit. *See Speedwell*, 2009 U.S. Dist. LEXIS 27270, at *27-32.

Magistrate Judge Go carefully considered Local 29's argument that *Speedwell* is distinguishable from the present action and concluded that Trocom had "proffered a potentially meritorious defense" by presenting facts that, "if proven at trial, would constitute a complete defense." (Report and Recommendation at 8-10 (quoting *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998)).) For example, like in *Speedwell*, it is undisputed that the 2006 CBA was a "successor" to the 2002 CBA (Pet. Obj. at 3), and there is no evidence that Trocom (1) signed the 2006 CBA, (2) was a member of the GCANY that received notice, negotiated, and signed the 2006 CBA, (3) had any notice of the negotiation of the 2006 CBA, (4) participated in negotiating the 2006 CBA, or (5) received a copy of the 2006 CBA or any notice of any amendments or extensions of the 2002 CBA until the arbitration award was issued. (*See* Trovato Aff. ¶¶ 8-9.) The court has also considered Local 29's argument regarding the "evergreen clause" in the 2002 CBA (Pet. Obj. at 9) but finds that it does not affect the court's determination of whether there is a potentially meritorious defense in this limited context of ruling on a motion to vacate entry of default.

Additionally, Magistrate Judge Go correctly concluded that this court has jurisdiction over the question of arbitrability because the issue here is not only whether the underlying dispute between Local 29 and Trocom was subject to the

7

arbitration provision of the 2006 CBA, but whether Trocom was bound by the 2006 CBA in the first place - an issue that is squarely within the court's jurisdiction. (*See* Report and Recommendation at 10.) "Among 'questions of arbitrability' presumptively reserved for a court, the Supreme Court has identified 'dispute[s] about whether the parties are bound by a given arbitration clause' . . . ." *Anderson v. Beland (In re Am. Express Fin. Advisors Secs. Litig.)*, No. 10-3399, 2011 U.S. App. LEXIS 22209, at *40 (2d Cir. Nov. 3, 2011) (citing *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002)); *see also John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-47 (1964) (holding that a court must decide the question of "whether [a party], which did not itself sign the collective bargaining agreement on which the Union's claim to arbitration depends, is bound at all by the agreement's arbitration provision"). The question of whether a party is bound by a CBA containing an arbitration provision is thus appropriate for judicial determination. See *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 209 (1991) ("[R]efus[ing] to apply [the presumption of arbitrability] wholesale in the context of an expired bargaining agreement, for to do so would make limitless the contractual obligation to arbitrate."); *Cleveland Wrecking Co. v. Iron Workers Local 40,* 136 F.3d 884, 888 (2d Cir. 1997) (recognizing "the well-established principle that 'the question of arbitrability -

8

whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance - is undeniably an issue for judicial determination.'" (quoting *AT&T Tech., Inc. v. Communications Workers,* 475 U.S. 643, 649 (1986))); *Speedwell*, 2009 U.S. Dist LEXIS 27270, at *21 ("The existence of a valid contract to arbitrate, and the scope of that contract to arbitrate, are matters for the court, not the arbitrator.").

Although *Speedwell* may be distinguishable from the facts of this case in certain respects, in the context of a motion to vacate entry of default, the court need not decide whether Trocom's defense will ultimately succeed but only must determine "whether the evidence submitted, if proven at trial, *would* constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) (emphasis added); *see also State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) ("Default judgments 'are generally disfavored and are reserved for rare occasions.' As such, the criteria for vacating a default judgment pursuant to Rule 60, including the meritorious defense factor, 'should be construed generously.'" (citations omitted)); *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986) (recognizing the "strong preference for resolution of disputes on their merits and . . . for resolving doubts in favor of a trial on the merits." (citations omitted)). Accordingly, the court

finds that Trocom has established that it can proffer a meritorious defense that it was not bound by the 2006 CBA, and the court overrules Local 29's first objection.

**II.     Objection Two:  Trocom's Default Was Willful**

Local 29's second objection to the Report and Recommendation is that Trocom's default was willful.  (Pet. Obj. at 7, 12-14.)  To establish willfulness, the Second Circuit requires evidence that the defaulting party engaged in deliberate or egregious conduct or made a strategic decision and deliberately chose not to appear.  *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001); *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).  Additionally, "Rule 60(b) [of the Federal Rules of Civil Procedure] expressly contemplates that some types of 'neglect' are 'excusable.'"  *Am. Alliance Ins. Co.*, 92 F.3d at 61.  Local 29 proffers several facts in support of its objection (Pet. Obj. at 13-14), all of which were essentially cut-and-pasted from its submission to Magistrate Judge Go and adequately addressed in the Report and Recommendation.  The court will nevertheless conduct a *de novo* review of the determination in the Report and Recommendation that Trocom's default was not willful.  (Report and Recommendation at 4-8.)

First, Local 29 claims that it served Trocom with an arbitration demand by fax, conventional mail, and certified mail,

evidenced by a return receipt from Trocom. (Pet. Obj. at 13; Russo Aff. ¶ 18.) In response, Trocom President Salvatore Trovato claims that neither he nor any individual with authority to take action ever received notice of the arbitration until after the award was issued. (Trovato Aff. ¶ 12.) Mr. Trovato explains that at the time the notice was sent, he was absent from the office for extended periods of time due to illness. (*Id.* ¶ 13.)

Second, Local 29 claims that Trocom never sought to stay the arbitration, received a notice stating the date of the arbitration hearing, and failed to appear at the hearing. (Pet. Obj. at 13.) If, however, Mr. Trovato or an upper-level Trocom employee did not receive notice of the arbitration until after the award was issued, it would not have been possible for Trocom to seek a stay, receive notice of a hearing, or appear at that hearing.

Third, Local 29 argues that Trocom acknowledged receiving a copy of the arbitration award but did not attempt to vacate it. (*Id.*) In response, Mr. Trovato explained that upon receipt of the award, he wrote a letter to Local 29's counsel, Mr. Russo, and the arbitrator, Mr. O'Beirne, explaining that Trocom was not bound to a CBA, had no notice of the arbitration, and sought "to challenge the arbitration award and/or reach an amicable solution." (Trovato Aff. ¶ 14.) Having received no

11

reply to his letter, Mr. Trovato reasonably assumed that Local 29 had lost interest or realized that Trocom was not bound by a CBA. Because Mr. Trovato considered the matter resolved, he did not follow up on the matter until he received notice of the entry of default in this case, after which he took immediate action. (*Id.* ¶ 16.)

Fourth, Local 29 asserts that Trocom was served with the petition in this proceeding and never responded, and that Trocom only made an appearance in this case after a default was entered against it. (Pet. Obj. at 13-14.) In response, Trocom argues that it was not properly served. Specifically, Mr. Trovato explains that the affidavit of service states that the petition was served on "Anthony S.," who is described as a six-foot tall white male, age sixty, with brown hair, and that Trocom "does not employ any individual who meets this description." (Trovato Aff. ¶ 17; *see also* ECF No. 2, Summons Returned Executed.) Trocom further contends that, even if it was properly served, any failure to respond to the petition is attributable to "simple and unintentional office error." (ECF No. 18, Respondent's Memorandum in Support of Motion to Vacate Petitioner's Default Judgment at 4.)

Finally, Local 29 notes that Trocom has defaulted in other federal cases. (Pet. Obj. at 14.) In response, Trocom claims that one cannot infer willfulness from past defaults

because to do so would be to "speculate as to the underlying reasons for the referenced default judgments." (ECF No. 23, Respondent's Reply Memorandum of Law in Further Support of its Motion to Vacate Petitioner's Default Judgment at 3). As the Report and Recommendation specifically notes, the defaults in other cases are of limited probative value. (Report and Recommendation at 7.) Trocom did not did not contest entry of default or default judgment in the other federal cases, satisfied the default judgment entered in two of the three cases, and the plaintiff voluntarily dismissed the third case. (*Id.*)

In light of Trocom's explanations and the fact that default judgment is a "weapon of last, rather than first, resort," *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citation omitted), the Report and Recommendation correctly concluded that Local 29's evidence of default in other cases and of Trocom's conduct in the underlying arbitration is insufficient to establish egregious or deliberate conduct amounting to willfulness with regard to Trocom's conduct in this action. (Report and Recommendation at 4-8.) Even if Trocom's claims that it was not served with notice of the arbitration or of this lawsuit may be questionable, "[a]ny doubt as to whether a default should be set aside should be resolved in favor of the defaulting party." *Westchester Fire Ins. Co. v. Moyes*, No. 08-cv-10726, 2009 U.S. Dist. LEXIS 66859, at *5 (S.D.N.Y. July 30, 2009)

13

(citing *Enron Oil Corp.*, 10 F.3d at 98). Here, Trocom's explanations raise serious doubts as to whether Trocom's default was willful. Mr. Trovato's absence and inadequate service due to office error coupled with Local 29's failure to respond to Mr. Trovato's post-arbitration letter adequately address Local 29's proffered evidence in support of its objection. Accordingly, Local 29's second objection is overruled.

The court also agrees with Magistrate Judge Go's determination that Local 29 would not be prejudiced in this action if the entry of default is vacated. (Report and Recommendation at 8.) Moreover, Local 29 failed to object to Magistrate Judge Go's determination of this issue. *See Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

After considering the Second Circuit's strong preference for resolving disputes on the merits, *see*, *e.g.*, *Pecarsky*, 249 F.3d at 172, and upon a *de novo* review, the court finds that Magistrate Judge Go thoroughly considered Local 29's opposing arguments. Accordingly, the court agrees that Trocom's motion to vacate entry of default should be granted and that

14

Local 29's motion for default judgment should be denied. The court adopts the Report and Recommendation in its entirety as the opinion of the court.

## **CONCLUSION**

For the reasons set forth above, Magistrate Judge Go's well-reasoned and thorough Report and Recommendation is incorporated by reference and adopted in its entirety, and petitioner's objections are overruled. For the reasons set forth above and in the Report and Recommendation, the court grants Trocom's motion to vacate entry of default and denies Local 29's motion for entry of default judgment. The parties shall appear before Magistrate Judge Go at a conference to be scheduled by the Magistrate Judge.

**SO ORDERED.**

Dated:  March 29, 2012
        Brooklyn, New York

                                    /s/
                                KIYO A. MATSUMOTO
                                United States District Judge
                                Eastern District of New York